PER CURIAM.
Lin this application, Republic Insurance Company (“Republic”) seeks review of a judgment of the court of appeal which remanded the case to the district court for a determination of whether Republic’s policy, discussed below, contains an aggregate limit of $1,000,000 for personal injury liability, or no aggregate limit. Upon review, we find the court of appeal erred in finding the policy to be ambiguous and find that the unambiguous language of the policy provides an aggregate limit of $1,000,000.
Effective May 31, 1984, Republic issued a commercial general liability (“CGL”) policy to HANO, containing various coverages, and providing CGL coverage between May 31,1984, and May 31,1985 (the “Policy”). The Policy provides (1) CGL coverage for bodily injury and property damage, and (2) a “Broad Form Comprehensive General Liability Endorsement,” Form No. L 6311, which expanded the policy to afford coverage for “Personal Injury Liability” (“PIL”) claims. The Policy’s bodily injury coverage is “occurrence” based, and states that the “per occurrence” limit is $1,000,000, while the aggregate limit is “nil,” meaning that the maximum amount of coverage available for bodily injury for any one “occurrence” under the CGL coverage is $1,000,000, but there is no limit on the number of occurrences that might trigger coverage.
12This application involves the interpretation of the second part of the policy involving PIL coverage. According to the policy, PIL coverage is “offense” based, and provides PIL coverage for certain enumerated “offenses” committed by HANO during the policy period, and has only an “aggregate” limit. The policy’s declaration page states that the aggregate limit for PIL coverage is governed by the CGL Endorsement Form No. L6311. Form No. L6311 states:
Personal Injury and Advertising Liability
Aggregate Limit shall be the per occurrence bodily injury liability limit unless otherwise indicated herein.
Limit of Liability $ See L639i.a Aggregate
Thus, for the aggregate limit for PIL coverage, the policy states that it is the same as the per occurrence bodily injury liability limit, unless otherwise indicated, and references Form L6394a, the form on which the policy’s per occurrence bodily injury liability limit can be found, and which provides that the per occurrence bodily injury liability limit is $1,000,000. Other parts of the Policy confirm that PIL coverage is subject to limits and does not provide for unlimited coverage. Section 11(A) of the CGL Endorsement provides:
[Republic] will pay on behalf of the insured all sums which the insured shall become legally obliged to pay as damages because of personal injury ... to which this insurance applies ... but [Republic] shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of [Repub- *388 lie’s] liability has been exhausted by payment of judgment or settlements.
Section 11(C) of the CGL Endorsement provides:
Regardless of the number of (1) insureds hereunder, (2) persons or organizations who sustain injury or damages, or (3) claims made or suits brought on account of personal injury or advertising injury, the total limit of [Republic’s] liability under this coverage for all damages shall not exceed the limit of liability stated in this endorsement as “aggregate.”
On motion for summary judgment by plaintiffs, the trial court found that the [.limitation on the Policy’s PIL coverage was ambiguous and as such, had to be strictly construed against the insurer to provide unlimited PIL coverage. The court of appeal reversed, agreeing the that coverage was ambiguous, but finding the district court erred in automatically construing the policy against the insurer. Johnson v. Orleans Parish School Board, 10-CA-1388 (La.App. 4 Cir. 12/20/11), 80 So.3d 1175. The court of appeal remanded the case to the district court for a determination of whether the policy had a $1,000,000 PIL aggregate limit or provided unlimited coverage. Id. It is from the court of appeal’s remand ruling that Republic filed this writ application.
“When a contract is not ambiguous or does not lead to absurd consequences ... its interpretation is a question of law for a court to decide.” Am. Deposit Ins. Co. v. Myles, 00-2457 (La.4/25/01), 783 So.2d 1282, 1286. Reading all provisions of the Policy together, we find the Policy unambiguously provides PIL coverage with an aggregate limit of $1,000,000. Further, as we stated in LeBlanc v. Aysenne, 05-297 (La.1/19/06), 921 So.2d 85, 91, “[t]o assume no limit would be imposed on an insurance policy would lead to an absurd and illogical result.” The clear language of the Policy evidences that Republic’s aggregate PIL coverage is the Policy’s per occurrence bodily injury liability limit of $1,000,000. The terms providing for a PIL aggregate of $1,000,000 are supported and clarified by Section 11(A) and (C), which make clear that the PIL endorsement is subject to an aggregate limit. In fact, a federal district court has already ruled in this same case that Republic’s PIL coverage was capped at $1,000,000:
IT IS HEREBY ORDERED that, in accordance with the Order and Reasons previously entered by the Court on July 23, 2009 (Document # 38), Republic Insurance Company’s motion for summary judgment on the sole issue of whether the personal injury liability coverage under the comprehensive general liability policy issue by Republic to the Housing Authority of New Orleans contains an aggregate limit of $1,000,000 is GRANTED. (Document # 1). There are no disputed issues of material fact, and Republic is entitled to judgment as a matter of law declaring [4that the policy unambiguously sets forth an aggregate limit for personal injury liability claims of $1,000,000 and, therefore, that Republic’s liability for personal injury liability claims is capped at $1,000,000.
Republic Insurance Company v. Housing Authority of New Orleans, No. 08-4748 (E.D.La.7/23/09).
For the above reasons, the writ is granted in part, and the case is remanded to the district court for further proceedings consistent with this opinion.
WRIT GRANTED IN PART; REMANDED.